1  ALEX G. TSE (CABN 152348)
   Acting United States Attorney
2
   BARBARA J. VALLIERE (DCBN 439353)
3  Chief, Criminal Division

4  S. WAQAR HASIB (CABN 234818)
   Assistant United States Attorney
5
       1301 Clay Street, Suite 340S
6      Oakland, California 94612
       Telephone: (510) 637-3680
7      FAX: (510) 637-3724
       waqar.hasib@usdoj.gov
8
   Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 4:18-MJ-70138-MAG |
| Plaintiff, | [PROPOSED] ORDER OF DETENTION |
| v. | |
| FAHD SALEH ALBAADANI, | |
| Defendant. | |

On February 12, 2018, Defendant, Fahd Saleh Albaadani, appeared at a detention hearing on the notice of an out-of-district supervised release violation filed in the above-referenced case. Assistant United States Attorney, S.Waqar Hasib, appeared on behalf of the government. Hanni Fakhoury, of the Office of the Public Defender, appeared on behalf of the defendant. The government moved for detention. The Court has carefully considered the proffers and argument of the government and the defendant's counsel, along with the information provided by U.S. Probation. For the reasons set forth below, as well as those stated on the record on February 12, 2018, the Court finds that the defendant has not met his burden of showing by clear and convincing evidence that he is not likely to flee. Therefore, the Court orders that the defendant be detained.

**I.      LEGAL STANDARD**

Under the bail statute, 18 U.S.C. § 3142, a Court may order the release of a defendant unless

conditions of release will not reasonably assure the defendant's appearance or the safety of the community or another person. The Court must order a defendant detained if, after a hearing pursuant to the provisions of Section 3142(f), the Court finds that conditions cannot be fashioned to assure the defendant's appearance in Court or the safety of the community or another person. *See* 18 U.S.C. § 3142(e). Under 18 U.S.C. § 3143, for individuals who have already been found guilty of an offense, the burden is on them to show by clear and convincing evidence that they are not likely to flee or pose a danger to the community. *See* 18 U.S.C. § 3143(a).

In evaluating whether conditions can be fashioned to assure the defendant's appearance and the safety of the community or another person, a Court considers the factors in Section 3142(g), including (1) the nature and circumstances of the offense, including whether the offense is one of certain enumerated crimes (including a controlled substance offense), (2) the weight of the evidence, (3) the history and characteristics of the person (including his job, financial resources, family ties, community ties, substance abuse history, physical and mental condition, character, criminal history, past conduct, track record in appearing in court, and whether at the time of arrest the person was on supervision for parole, probation, or other release in a pending criminal case), and (4) the nature and seriousness of the danger to any person or the community posed by the person's release.

## II. PROCEDURAL FACTS

The defendant initially appeared before this Court on February 6, 2018, after he was charged with six alleged violations of the conditions of his supervised release. Those conditions were initially imposed on November 3, 2016, after the defendant sustained misdemeanor convictions in the Eastern District of Tennessee. The defendant was being supervised by a probation officer in this district, though his case was still being managed by the Eastern District of Tennessee. The notice of out-of-district proceedings filed in this district included a copy of the warrant from the Eastern District of Tennessee, as well as a report from the Probation Office in that district detailing the alleged violations, and recommending detention pending resolution. This Court provisionally appointed the defendant counsel and scheduled the matter for a detention hearing on February 12, 2018.

During the ensuing detention hearing, counsel for the defendant offered information about the defendant's prior conviction in Tennessee, his current immigration status, and the alleged violations that

occurred in this district. The government countered with information that, among other things, the defendant had previously disconnected an ankle monitor while he was under the supervision of immigration authorities, and when he was contacted by immigration authorities, he told them that he would never report to them again. The Defendant admitted to cutting off the GPS unit. The government also offered information about the defendant's current immigration status, and his current unstable living and employment situations.

According to Probation Officer, Constance Cook, Defendant repeatedly relocated without first obtaining permission to do so. He also lied to immigration officials by telling them that his probation officer had given him permission to move to North Carolina when, in fact, she had denied his request and asked him to wait one more month – when his term of supervision would be completed. Defendant refused to comply and told Officer Cook that he would prefer to go to jail. Officer Cook also stated that Defendant has been engaged in other criminal activity while on supervised release by admittedly possessing, using, shipping, and selling marijuana.

## II. ANALYSIS

For the reasons stated on the record on February 12, 2018, the Court finds that the defendant has not met his burden of showing by clear and convincing evidence that he is not likely to flee. In particular, the Court was concerned that the defendant previously disconnected ankle monitor while he was on supervision from immigration authorities. The Court was also concerned that the defendant allegedly lied to immigration authorities when he told them that he had permission from his probation officer to move on short notice to North Carolina. Defendant also has no ties to the community in the Northern District of California, and the court is not informed regarding any ties he may have in the charging district. The probation officer did note, however, that Defendant's ex-wife does not want him back in Tennessee, and Defendant continues to express a desire to return to North Carolina.

## III. CONCLUSION

For the reasons set forth herein, as well as those stated on the record on February 12, 2018, the Court hereby finds that the defendant has not met his burden to show, by clear and convincing evidence, that he is not a flight risk, and there are no conditions or combination of conditions that can be imposed to reasonably assure the court that he will appear in court in the charging district.

Therefore, the Court ORDERS that the defendant be detained.

IT IS SO ORDERED.

DATED: February 20, 2018

_____
HONORABLE KANDIS A. WESTMORE
United States Magistrate Judge